1

2

3

4

5    IN THE UNITED STATES DISTRICT COURT

6    FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    ABDULHAKIM SALEH ALI YAFAI,                  No. C-08-05715 EDL

9             Plaintiff,                          **ORDER GRANTING DEFENDANTS'**
                                                  **MOTION TO DISMISS WITH LEAVE**
10   v.                                           **TO AMEND**

11   AMTRAK,

12            Defendant.
     _____/

13

14        On June 20, 2008, Plaintiff Abdulhakim Saleh Ali Yafai, who is proceeding pro se, filed

15   this against Defendant Amtrak in Alameda County Superior Court. On December 22, 2008,

16   Defendant removed Plaintiff's action. On December 23, 2008, Defendant moved to dismiss for

17   failure to state a claim, or for a more definite statement. Plaintiff did not file an opposition to

18   Defendant's motion. The Court held a hearing on February 10, 2009, which was attended by

19   Plaintiff and Defendant's counsel. For the reasons stated at the hearing and in this order, the Court

20   grants with leave to amend Defendant's motion to dismiss and denies as moot Defendant's motion

21   for a more definite statement.

22        A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in

23   the complaint. See Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is

24   limited to the contents of the complaint. See Allarcom Pay Television, Ltd. v. Gen. Instrument

25   Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a

26   complaint generally must satisfy the notice pleading requirements of Federal Rule of Civil Procedure

27   8, which requires that the complaint include a "short and plain statement of the claim showing that

28   the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's obligation to provide the

     grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic

United States District Court
For the Northern District of California

1  recitation of the elements of a cause of action will not do."Bell Atlantic Corp. v. Twombly, 127 S.Ct.

2  1955, 1964-65 (2007) (citations and quotations omitted).

3  Here, Plaintiff's complaint, which does not contain any facts about what happened to him,

4  must be dismissed for failure to state a claim. As stated at the hearing, the Court gives Plaintiff leave

5  to amend his complaint. In amending his complaint, Plaintiff must provide a short and concise

6  statement of the facts regarding what happened to him that he believes supports his claims against

7  Amtrak. No later than March 3, 2009, Plaintiff shall file an amended complaint setting out a short

8  and concise statement using the framework described above and at the hearing. Because the Court

9  grants Defendant's Motion to Dismiss, the alternative Motion for a More Definite Statement is

10  denied as moot.

11  If he has not done so already, the Court urges Plaintiff to make an appointment at the Legal

12  Help Center located on the 15th Floor, room 2796, 450 Golden Gate Avenue, San Francisco, CA.

13  Appointments must be made in person. The Court also urges Plaintiff to obtain the Pro Se

14  Handbook that is available in the clerk's office on the 16th Floor, 450 Golden Gate Avenue, San

15  Francisco, CA.

16  **IT IS SO ORDERED.**

17  Dated: February 【, 2009

ELIZABETH D. LAPORTE
United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ABDULHAKIM SALEH ALI YAFAI,

Plaintiff,

v.

AMTRAK et al,

Defendant.

_____/

Case Number: CV08-05715 EDL

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 19, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Abdulhakim Saleh Ali Yafai
908 43rd Street
Oakland, CA 94601

B. Clyde Hutchinson
Lombardi Loper & Conant, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

Liza C Siu Mendoza
Lombardi, Loper & Conant, LLP
1999 Harrison St., Ste. 2600
Oakland, CA 94612

Dated: February 19, 2009

Richard W. Wieking, Clerk
By: Wings Hom, Deputy Clerk