United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ABDULHAKIM SALEH ALI YAFAI,

       Plaintiff,

  v.

AMTRAK,

       Defendant.
                                   /

No. C-08-05715 EDL

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**

On June 20, 2008, Plaintiff Abdulhakim Saleh Ali Yafai, who is proceeding pro se, filed this case against Defendant Amtrak in Alameda County Superior Court. On December 22, 2008, Defendant removed Plaintiff's action. On December 23, 2008, Defendant moved to dismiss for failure to state a claim, or for a more definite statement. Plaintiff did not file an opposition to Defendant's motion. The Court held a hearing on February 10, 2009, which was attended by Plaintiff and Defendant's counsel. On February 19, 2009, the Court granted Defendant's motion with leave to amend. Subsequently, Plaintiff sought additional time to file an amended complaint until March 27, 2009, which the Court granted.

On March 27, 2009, Plaintiff filed a document entitled "Exhibits to Complaint." No other document was filed. On April 14, 2009, Defendant moved to dismiss for failure to state a claim, or for a more definite statement. Plaintiff did not file an opposition to Defendant's motion. The Court held a hearing on May 26, 2009, which was attended by Plaintiff and Defendant's counsel. For the reasons stated at the hearing and in this Order, Defendant's Motion to Dismiss is granted with leave to amend, and Defendant's Motion for a More Definite Statement is denied as moot.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. See Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is

1  limited to the contents of the complaint.  See Allarcom Pay Television, Ltd. v. Gen. Instrument
2  Corp., 69 F.3d 381, 385 (9th Cir. 1995).  To survive a motion to dismiss for failure to state a claim, a
3  complaint generally must satisfy the notice pleading requirements of Federal Rule of Civil
4  Procedure 8, which requires that the complaint include a "short and plain statement of the claim
5  showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A plaintiff's obligation to
6  provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a
7  formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v.
8  Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations and quotations omitted).

9       Here, Plaintiff acknowledged at the hearing that the only document he filed in response to
10 the Court's February 19, 2009 Order was the document entitled "Exhibits to Complaint."  Therefore,
11 the Court construes the "Exhibits to Complaint" as Plaintiff's amended complaint.  However, the
12 "Exhibits to Complaint," which contains the police reports relating to the incident in which Plaintiff
13 was injured as well as photographs, does not contain any facts about what happened to him and does
14 not make any legal claims against Defendant.  Therefore, the "Exhibits to Complaint" must be
15 dismissed for failure to state a claim.

16       As stated at the hearing, the Court gives Plaintiff leave to amend his complaint.  In
17 amending his complaint, Plaintiff must provide a short and concise statement of the facts regarding
18 what happened to him, what legal claims, such as negligence, he is seeking to assert, i.e., what
19 violation of law he alleges, and how the facts support his legal claims against Defendant.  The
20 Court's Handbook for Litigants Without a Lawyer states that a complaint must contain, among other
21 things, "A statement explaining what you believe the defendant or defendants did to you that
22 violated the law and how it injured you. . . ," and "A statement explaining what you want the court
23 to do."  As Plaintiff requested, the Court gives him 45 days to file his amended complaint.  Thus, no
24 later than July 13, 2009, Plaintiff shall file an amended complaint setting out a short and concise
25 statement using the framework described above and at the hearing.  Because the Court grants
26 Defendant's Motion to Dismiss, the alternative Motion for a More Definite Statement is denied as
27 moot.

28       The Court urges Plaintiff to make another appointment at the Legal Help Center located on

the 15th Floor, room 2796, 450 Golden Gate Avenue, San Francisco, CA to obtain assistance in drafting the amended complaint.  The Court also urges Plaintiff, if he has not done so already, to obtain the Pro Se Handbook that is available free of charge on the Court's website (www.cand.uscourts.gov) or in the Clerk's Office on the 16th Floor, 450 Golden Gate Avenue, San Francisco, CA.

**IT IS SO ORDERED.**

Dated: May 28, 2009

ELIZABETH D. LAPORTE
United States Magistrate Judge