IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULHAKIM SALEH ALI YAFAI,<br><br>    Plaintiff,<br><br>  v.<br><br>AMTRAK,<br><br>    Defendant.<br>_____ / | No. C-08-05715 EDL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

On June 20, 2008, Plaintiff Abdulhakim Saleh Ali Yafai, who is proceeding pro se, filed this case against Defendant Amtrak in Alameda County Superior Court. On December 22, 2008, Defendant removed Plaintiff's action. On December 23, 2008, Defendant moved to dismiss for failure to state a claim, or for a more definite statement. Plaintiff did not file an opposition to Defendant's motion. The Court held a hearing on February 10, 2009, which was attended by Plaintiff and by Defendant's counsel. On February 19, 2009, the Court granted Defendant's motion to dismiss with leave to amend, and denied the motion for a more definite statement as moot. Subsequently, Plaintiff sought additional time to file an amended complaint until March 27, 2009, which the Court granted.

On March 27, 2009, Plaintiff filed a document entitled "Exhibits to Complaint." No other document was filed. On April 14, 2009, Defendant moved to dismiss for failure to state a claim, or for a more definite statement. Plaintiff did not file an opposition to Defendant's motion. The Court held a hearing on May 26, 2009, which was attended by Plaintiff and Defendant's counsel. On May 28, 2009, the Court granted Defendant's motion with leave to amend and denied the motion for a more definite statement as moot.

On July 8, 2009, rather than file an amended complaint, Plaintiff filed an "Opposition to

1  Defendant's Motion to Dismiss" even though there was no motion to dismiss pending.  On July 20,
2  2009, Defendant moved to dismiss Plaintiff's action, or for a more definite statement.  Plaintiff did
3  not file an opposition to Defendant's motion.  Because this matter was appropriate for decision
4  without oral argument, the Court vacated the September 8, 2009 hearing.  For the reasons stated
5  below, Defendant's motion to dismiss is granted without leave to amend, and the motion for a more
6  definite statement is denied as moot.

7  A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged
8  in the complaint.  See Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  To survive a
9  motion to dismiss for failure to state a claim, a complaint generally must satisfy Federal Rule of
10 Civil Procedure 8, which requires that the complaint include a "short and plain statement of the
11 claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint will
12 survive a motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that
13 is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp.
14 v. Twombly, 127 S. Ct. 1955, 1974 (2007)).  The reviewing court's "inquiry is limited to the
15 allegations in the complaint, which are accepted as true and construed in the light most favorable to
16 the plaintiff."  Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

17 A court need not, however, accept as true the complaint's "legal conclusions."  Iqbal, 129
18 S. Ct. at 1949.  "While legal conclusions can provide the framework of a complaint, they must be
19 supported by factual allegations."  Id. at 1950.  Thus, a reviewing court may begin "by identifying
20 pleadings that, because they are no more than conclusions, are not entitled to the assumption of
21 truth."  Id.  Courts must then determine whether the factual allegations in the complaint "plausibly
22 give rise to an entitlement of relief."  Id.  Though the plausibility inquiry "is not akin to a probability
23 requirement," a complaint will not survive a motion to dismiss if its factual allegations "do not
24 permit the court to infer more than the mere possibility of misconduct . . . ."  Id. at 1949 (internal
25 quotation marks omitted) & 1950.  That is to say, plaintiffs must "nudge[] their claims across the
26 line from conceivable to plausible."  Twombly, 550 U.S. at 570.

27 Here, because Plaintiff did not file any document entitled Amended Complaint, the Court
28 construes Plaintiff's "Opposition to Defendants' Motion to Dismiss" as the amended complaint that

2

was due to be filed no later than July 13, 2009. However, the "Opposition," which simply lists certain documents apparently relating to this case and explains why Plaintiff thinks those documents are not accurate, does not contain any facts about what happened to Plaintiff and does not make any legal claims against Defendant. Therefore, the "Opposition" must be dismissed for failure to state a claim.

The Court has provided Plaintiff with leave to amend on two prior occasions, and has explained the requirements of a proper complaint to Plaintiff both in open court and in two previous Orders. The Court has also referred Plaintiff to the Court's <u>Handbook for Litigants Without a Lawyer</u> and to the Legal Help Center located at the federal courthouse for assistance in drafting an amended complaint. Further, the Court stated at the May 26, 2009 hearing that if Plaintiff did not file an amended complaint that complied with the Federal Rules of Civil Procedure, the Court would have no choice but to dismiss his case. Thereafter, Plaintiff failed to file a proper amended complaint. Accordingly, Defendant's motion to dismiss is granted without leave to amend, and the motion for a more definite statement is denied as moot. Plaintiff's action is dismissed.

**IT IS SO ORDERED.**

Dated: September 17, 2009

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

3